**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **WENDY SHOFNER, SHARON COLE LINDA COPPEDGE, LISA CARNIELLO, and CHRISTINA DAILY, Individually and on Behalf of All Others Similarly Situated,** | § § § § § § | **FLSA Collective Action Pursuant to 29 U.S.C. § 216(b)** |
| **Plaintiffs,** | § § | **Civil Action No. 2:10-cv-0568** |
| **v.** | § § | |
| **CONVERGYS CORPORATION and CONVERGYS CUSTOMER MANAGEMENT GROUP, INC.** | § § | **Jury Demanded** |
| **Defendants.** | | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Wendy Shofner, Sharon Cole, Linda Coppedge, Lisa Carniello, and Christina Daily, and on behalf of themselves and all others similarly situated ("Plaintiffs" and "Class Members" respectively herein) bring this Fair Labor Standards Act ("FLSA") suit against Convergys Corporation and Convergys Customer Management Group, Inc. (Collectively "Convergys" or "Defendants") and show as follows:

**I. SUMMARY**

1.      Convergys violates the Fair Labor Standards Act ("FLSA") by failing to pay overtime to thousands of telephone-dedicated employees who perform work for the company both before and after their assigned work shifts. Convergys manages customer interaction for Convergys' clients by staffing its call centers with telephone-dedicated agents who make calls to and receive calls from customers and potential customers of Convergys' clients. The thousands of telephone-dedicated employees who work in over 60 Convergys' customer contact

centers/call centers are the backbone of the services Convergys provides to its clients. However, Convergys' policy, pattern, or practice is to pay its telephone-dedicated contact center agents only for the time they are logged into their phone systems and available for answering calls. The systematic failure to pay for unrecorded and routine work activities adds up to thousands of dollars per year in unpaid wages and overtime wages for each of these employees.

2. Plaintiffs Shofner, Cole, Coppedge, Carniello, and Dailey (Plaintiffs) are telephone-dedicated employees who have been victimized by Convergys' unlawful pattern or practice with respect to overtime pay. As permitted by the FLSA, Plaintiffs bring this collective action to recover the unpaid wages owed to them as individuals and as representatives for all other similarly situated employees (the "Class Members" or the "telephone-dedicated employees"). 29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Eastern District of Texas because a substantial portion of the events forming the basis of the suit occurred in this District.

## III. THE PARTIES

5. Plaintiff Wendy Shofner lives and/or worked for Defendants in this judicial district. Her written consent to this action is attached at Exhibit A.

6. Plaintiff Sharon Cole lives and/or worked for Defendants in this judicial district. Her written consent to this action is attached at Exhibit B.

7. Plaintiff Linda Coppedge lives and/or worked for Defendants in this judicial

district.  Her written consent to this action is attached as Exhibit C.

8. Plaintiff Lisa Carniello lives and/or worked for Defendants in this judicial district.  Her written consent to this action is attached as Exhibit D.

9. Plaintiff Christina Daily lives and/or worked for Defendants in this judicial district.  Her written consent to this action is attached as Exhibit E.

10. The "Class Members" and "telephone-dedicated employees" are those telephone-dedicated employees / contact center agents who make calls to and receive calls from customers and potential customers of Convergys' clients in Convergys' call centers/customer contact centers.  These call centers are located in Tucson, AZ; Mountain View, CA; Redwood City, CA; San Jose, CA; San Ramon, CA; Aurora, CO; Denver, CO (3); Englewood, CO; Westminster, CO; Pueblo, CO; Tamarac, FL; Jacksonville, FL; Lake Mary, FL; Atlanta, GA (4); Alpharetta, GA; Savannah, GA; Pocatello, ID; Olathe, KS; Overland Park, KS; Wichita, KS; Erlanger, KY; Baton Rouge, LA; Detroit, MI; Troy, MI; Warren, MI; Arnold, MO; Hazelwood, MO; Lincoln, NE; Omaha, NE; Bedminster, NJ; Albuquerque, NM; Las Cruces, NM; Charlotte, NC (2); Greenville, NC; Hickory, NC; Jacksonville, NC; Research Triangle Park, NC; Cincinnati, OH; Moore, OK; Tulsa, OK; Medford, OR; Chattanooga, TN; Clarksville, TN; Brownsville, TX; Dallas, TX; Killeen, TX; Laredo, TX; Longview, TX; Lubbock, TX; Cedar City, UT; Logan, UT; Ogden, UT; Orem, UT; Taylorsville, UT (3); Dulles, VA; Reston, VA; Appleton, WI.  These employees are similarly situated to Plaintiffs in that their relevant job duties (the "additional work") and pay provisions (hourly) are similar to Plaintiffs.  Several of the Class Members have come forward and expressed an interest in participating in this case as opt-in plaintiffs.  The written consents of some of these individuals have been and will be filed with the Court.

11. Defendant Convergys Corporation is an Ohio corporation licensed to do business in Texas and can be served by serving its Registered Agent, CT Corporation., 350 N. St. Paul Street, Dallas, Texas 75201.  Convergys operates facilities at which Plaintiffs were employed in Longview, Texas.

12. Defendant Convergys Customer Management Group, Inc. is an Ohio corporation licensed to do business in Texas and can be served by serving its Registered Agent, CT Corporation., 350 N. St. Paul Street, Dallas, Texas 75201.  Convergys operates facilities at which Plaintiffs were employed in Longview, Texas.

## IV.  COVERAGE

13. At all times hereinafter mentioned, Convergys has been an employer within the meaning of the Section 3(d) of the FLSA.  29 U.S.C. § 203(d).

14. At all times hereinafter mentioned, Convergys has been an enterprise within the meaning of Section 3(r) of the FLSA.  29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, Convergys has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because Convergys has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.  29 U.S.C. § 203(s)(1).  Further, Convergys has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C.

§§ 206-207.

## V. FACTUAL BACKGROUND

17. Convergys employs telephone-dedicated employees to interface with customers and potential customers of Convergys' clients. These telephone-dedicated employees work in the customer contact centers / call centers identified in Paragraph 10. These telephone-dedicated employees are the backbone of the services Convergys provides to its clients.

18. Convergys employees are expected to arrive at work early in order to be ready to answer phones at the beginning of their assigned phone shift times. Each day, prior to beginning their duties, the telephone-dedicated employees are required to prepare for their day's work by, among other things: Locating a workstation, powering up the necessary electronic equipment, booting up a variety of computer programs, logging into the necessary programs, initializing and accessing customer interfaces, initializing and accessing portal systems, starting up and connecting to Convergys-specified systems to assist customers, and checking the relevant alerts and e-mails. The telephone-dedicated employees are required to perform this work in order to be prepared and able to service the caller at the moment the Plaintiffs log onto their phone systems to take calls. The work performed prior to and after Plaintiffs' time working on the phones was/is substantial and for the significant benefit of Defendants, necessary to the business of Defendants, and conducted in the normal course of Defendants' business.

19. The telephone-dedicated employees are required to do work after their day's duties as well. This includes the completion of paperwork related to their phone work activities and other activities such as closing down the various computer and telephone systems used while working on the phone. Like the compensable preparatory work activities, these post-shift concluding activities were/are substantial and for the significant benefit of Defendants, necessary

to the business of Defendants, and conducted in the normal course of Defendants' business.

20.   The additional time Plaintiffs and the Class Members spend doing preparatory and concluding activities is significant and compensable because these duties are principal activities themselves or are an integral and indispensible part of the employees' principal activities.  However, Convergys does not pay for these additional work duties.  Instead, Convergys fails to record and pay for the time spent performing these compensable work duties.  Because employees regularly work 40 hours (or more) per workweek, the unrecorded and unpaid time should be paid at time-and-a-half of each employee's regular rate of pay in accordance with the FLSA.  Convergys' failure to pay for this compensable work is a willful violation of the FLSA.

## VI.  PLAINTIFFS' DETAILED FACTUAL ALLEGATIONS

21.   Plaintiffs were full-time, nonexempt, telephone-dedicated Convergys employees / contact center agents who worked in Defendants' Longview, Texas location within the three years prior to this complaint being filed.  Plaintiffs were required, as part of their job, to perform various tasks (including those identified in Paragraphs 18 and 19) prior to signing on to the phone system and clocking in and after signing off the phone system and clocking out.  These activities are principal activities or are integral and indispensible to Plaintiffs' principal activities.  Plaintiffs, and the other similarly situated Class Members, are not paid according to the time they actually perform work for Defendants, but rather are paid based on the time they are logged into the phone system (and clocked in) and responding to calls.  Defendants are aware of the time employees spend working before and after their assigned and recorded phone shift times.

22. While working as telephone-dedicated employees, Plaintiffs were paid an hourly rate but were not paid for the actual time they spent doing compensable pre-shift and post-shift duties, including overtime work. Plaintiffs worked more than 40 hours a week performing work duties for Convergys, thus requiring the uncompensated pre-shift and post-shift time to be paid at overtime rates. Plaintiffs perform the same or similar additional work duties as those performed by other telephone-dedicated employees working at Convergys.

23. As nonexempt employees, Plaintiffs were entitled to be paid at their regular rate for each hour worked and were entitled to be paid time-and-a-half for all hours worked in excess of 40 in a workweek. 29 U.S.C. §§ 206(a) & 207(a). Accordingly, Convergys' practice of failing to pay Plaintiffs for the pre- and post-shift work is a clear violation of the FLSA.

24. No exemption excused Convergys from paying Plaintiffs at their regular rate for all hours worked or at overtime rates for hours worked over 40 per workweek.

25. Convergys was aware of the improper pay practices through complaints from its employees but did not remedy the violation. As such, Convergys knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation and the payment of minimum wages to Plaintiffs and the Class Members.

## VII. COLLECTIVE ACTION ALLEGATIONS

26. Other employees have been victimized by the above-described pattern, practice, and policy which is in willful violation of the FLSA. Many of these employees have worked with Plaintiffs and have reported that they were paid in the same manner as Plaintiffs with no overtime pay for hours worked in excess of 40 per workweek for the pre- and post-shift preparatory and concluding activities identified above. Thus, from discussion with these employees and from being told that the improper time-keeping and pay practices are Convergys'

policy, Plaintiffs are aware that the illegal practices or policies have been imposed on the Class Members.

27.     The Class Members performed the same or similar telephone-dedicated duties before and after their shifts. Moreover, these nonexempt employees regularly worked more than 40 hours in a workweek. Accordingly, the employees victimized by Convergys' unlawful pattern and practices are similarly situated to Plaintiffs in terms of job duties and pay provisions.

28.     Convergys' failure to pay minimum wage and overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiffs' experience is typical of the experience of the Class Members.

29.     The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiffs and the Class Members.

## VIII.  CAUSES OF ACTION

30.     Plaintiffs incorporate all allegations contained in paragraphs 1 through 29.

31.     During the relevant period, and by way of the facts set forth above, Defendants violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks

longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates no less than one-and-one-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs and the Class Members in accordance with the law.

## IX.   JURY DEMAND

32. Plaintiffs, individually and on behalf of those similarly situated, request a jury trial.

## X.  PRAYER

33. WHEREFORE, cause having been shown, Plaintiffs pray for judgment against Defendants as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs; and

   b. For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

   c. For an Order awarding Plaintiffs (and those who have joined in the suit) their attorneys fees; and

   d. For and Order awarding Plaintiffs (and those who have joined in the suit) post-judgment interest at the highest rates allowed by law; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ J. Derek Braziel*

**J. DEREK BRAZIEL**
*Attorney in Charge*
Texas Bar No. 00793380
**MEREDITH MATHEWS**
Texas Bar No. 24055180
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**Richard J. (Rex) Burch**
State Bar No. 24001807
**Bruckner Burch, PLLC**
1415 Louisiana St., Suite 2125
Houston, Texas  77002
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile

**Darren K. Coleman**
State Bar No. 04558570
**Boon, Shaver, Echols & Coleman, PLLC**
1800 W. Loop 81, Suite 310
Longview, Texas  75604
(903) 759-2200 – Telephone
(903) 759-3306 – Facsimile

**ATTORNEYS FOR PLAINTIFFS**