**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **WENDY SHOFNER, SHARON COLE** | § | |
| **LINDA COPPEDGE, LISA** | § | |
| **CARNIELLO, and CHRISTINA** | § | **FLSA Collective Action Pursuant to** |
| **DAILY, Individually and on Behalf of** | § | **29 U.S.C. § 216(b)** |
| **All Others Similarly Situated,** | § | |
| | § | |
| **Plaintiffs,** | § | **Civil Action No. 2:10-cv-0568-JRG** |
| **v.** | § | |
| | § | |
| **CONVERGYS CORPORATION and** | § | |
| **CONVERGYS CUSTOMER** | § | **Jury Demanded** |
| **MANAGEMENT GROUP, INC.** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER APPROVING SETTLEMENT, CERTIFYING CLASS, AND DIRECTING ENTRY OF FINAL JUDGMENT

After considering the Joint Motion for Final Approval of Class Settlement, the Settlement Agreement ("Settlement Agreement"), the releases contained therein and the exhibits thereto, pleadings and record in this case, the evidence presented to the Court, and arguments of counsel and applicable authorities, and affording all interested and qualified persons the opportunity to be heard, the Court **FINDS and RULES** as follows:

A.     The Court has jurisdiction over the subject matter of this Case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1367.  The Court has personal jurisdiction over the parties to the Case, including Plaintiffs Wendy Shofner, Sharon Cole, Linda Coppedge, Lisa Carniello, Christina Daily, Ashley Bell and Crystal Strickland, (collectively the "Plaintiffs" or "Representative Plaintiffs"), and Defendants Convergys Corporation and Convergys Customer Management Group Inc. ("Defendants," and together with Plaintiffs, the "Parties").[1]  The Court

---

[1]     "Plaintiffs," "Participating Settlement Class Members" and "Defendant" are sometimes collectively referred to herein as "Parties" or individually as "Party."  Capitalized terms used in

also finds it has properly obtained personal jurisdiction over the Participating Settlement Class Members (the "Participating Class Members") by giving them proper notice and a chance to opt out or to be heard, and, for members of the FLSA Settlement Class, by virtue of their filing consents to participate in the FLSA collective action.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985); *Peters v. National R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992); 29 U.S.C. § 216(b).

B.     On September 17, 2012, the Court conditionally certified this action to proceed as a class action for settlement pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), and preliminarily approved the Settlement, finding: (1) that the Settlement was within the range of possible approval; (2) that the Notice of Proposed Class Settlement ("Notice") to Class Members of the Settlement terms and conditions (including opportunity to request exclusion for individual Class Members and notice of any individual Class Member's right to object to the proposed Settlement) was appropriate; and (3) that the scheduling of a Fairness Hearing was appropriate. *See* Preliminary Approval Order (Dkt. No. 66).

C.     On December 18, 2012, the Court permitted a supplemental mailing of the Notice of Proposed Class Settlement to Class Members inadvertently left off the original mailing list.

D.     The Court has now conducted its review and makes the following findings and rulings supporting permanent certification of the Class, final approval of the Settlement, and entry of Final Judgment.

---

this Order that are not otherwise defined herein have the meaning assigned to them in the Settlement Agreement.   The recitals and definitions in the Settlement Agreement are incorporated herein by reference.

<u>Findings Supporting Permanent Certification of the Class</u>

E.      In order to certify the State Settlement Classes, the Court must find that the proposed Classes meet the four threshold requirements of the Rule 23(a) and are maintainable under Rule 23(b)(3).  The Supreme Court has expressly stated that cases may be certified for settlement purposes only.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 618-19, 621-22 (1997) (the "dominant concern" is "whether a proposed class has sufficient unity so that absent members can fairly be bound by decisions of class representatives"; "settlement is relevant to class certification," and is "a factor in the calculus.").  *See also In re Beef Indus. Antitrust Litig*., 607 F.2d 167, 178 (5th Cir.1979) (it is proper and consistent for the court to certify a class for settlement purposes even while it might be difficult to reach that determination in a different context).  Further, in order to approve the settlement of the FLSA collective action, the Court must find that the proposed settlement is fair and reasonable under the standards set forth in *Lynn's Food Stores, Inc. v. United States of America*, 679 F.2d 1350, 1353 (11th Cir. 1982) (district court allowed to approve back wage settlement in order to promote the policy of encouraging settlement of litigation).

F.      Based on the arguments and evidence presented to the Court, and in connection with the Joint Motion for Final Approval of Class Settlement, and in Plaintiffs' Unopposed Motion for Attorneys' Fees and Expense Reimbursement, the Court makes the following additional findings of fact and conclusions of law supporting permanent certification of the State Settlement Classes and final approval of the Settlement.

G.      The Court finds that each of the elements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure is satisfied with respect to the State Settlement Classes and, for purposes of settlement only, that the State Settlement Classes should be permanently certified as

class action, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), on behalf of the

following persons:

> All current and former customer service related employees, including agents, customer service representatives, problem resolution representatives, and employees in similar positions, who communicated with customers and potential customers of Defendants' clients while working in CMG's call center in Hickory, North Carolina between December 17, 2007 and February 8, 2012 (the "North Carolina Settlement Class").

> All current and former customer service related employees, including agents, customer service representatives, problem resolution representatives, and employees in similar positions, who communicated with customers and potential customers of Defendants' clients while working in CMG's call centers in Wichita, Kansas between December 17, 2007 and February 8, 2012 (the "Kansas Settlement Class").

(the foregoing classes are collectively referred to herein as the "State Settlement Classes").

H.     The Court finds that these class definitions meet the requirements of Rule 23 that

identifiable classes exist and are susceptible to precise definition.  The Court further finds that the

classes exceed 1,000 individuals making joinder of all members of each of the State Settlement

Classes impracticable.  *See Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir.

1999) (affirming certification of class of between 100 to 150 employees).

I.     The Court also concludes the State Settlement Classes meet the commonality

requirement of Rule 23(a)(2).  In their First Amended Complaint (Dkt. No. 65), Plaintiffs

allegations for the State Settlement Classes include causes of action specific to each State Law

Settlement Class, including claims under: (a) the Kansas Wage Payment Act, K.S.A. § 44-313,

breach of contract, *quantum meruit,* and unjust enrichment on behalf of the Kansas Settlement Class

and (b) claims under North Carolina Wage and Hour Act N.C. Gen. Stat. § 95-25.1 *et seq*., breach

of contract, *quantum meruit,* and unjust enrichment on behalf of the North Carolina Settlement

Class. For the State Settlement Classes, Plaintiffs' claims arise from allegedly common facts and

present common legal and factual issues in that the members of the State Settlement Classes were allegedly not paid for pre- and post-shift time.  Defendants deny Plaintiffs' allegations, deny undertaking any unlawful conduct, deny violating state or federal laws concerning wage payments, deny that Plaintiffs' allegations can or should be pursued as a class or collective action, and have entered into the Settlement Agreement solely for the purpose of avoiding the risks and costs associated with continued complex litigation.

J.      Based on Plaintiffs' allegations and the supporting evidence, and for settlement purposes only, the Court finds that the following questions of law and fact are common to the State Settlement Classes because their resolution would affect all or a significant number of the Class Members.  *See Forbush v. J.C. Penny Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993):

1.      whether the Defendants knowingly maintained, or allowed to exist, a policy, pattern, or practice of failing to pay their telephone-dedicated employees / contact center agents only for pre-shift and post – shift work;

2.      whether and for what duration Plaintiffs and members of the State Settlement Classes were required to perform uncompensated pre- and post-shift work; and

3.      whether the claims of Plaintiffs and members of the State Settlement Classes are subject to a *de minimus* defense or other affirmative defenses asserted in Defendants' Answer.

K.      The Court also concludes, for the purposes of settlement only, that the predominance requirement of Rule 23(b)(3) is satisfied by the foregoing common questions.  The predominance requirement is met where "questions of law or fact common to the members of the class predominate over any questions affecting only individual members. . ."  Fed. R. Civ. P.

23(b)(3).  The Fifth Circuit has held that predominance requires that the "common issues constitute a significant part of the individual cases." *Mullen*, 186 F.3d at 626 (citing *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 472 (5th Cir. 1986)).  Here, resolving the foregoing common questions would substantially resolve the claims of each State Settlement Class member.  Accordingly, the predominance requirement of Rule 23(b)(3) is met with  respect to the State Settlement Classes.

L.     The Court also finds, for the purposes of settlement only, that the claims of the Plaintiffs are typical of those of the State Settlement Class Members.  *See* Fed. R. Civ. P. 23(a)(3). The claims of the respective Plaintiffs and the State Settlement Class Members each arise under the same statutory schemes, and are based on the same alleged facts—the alleged nonpayment of wages for pre- and post-shift duties.  The respective Plaintiffs' claims have the same essential characteristics, and arise from the same alleged conduct, as those that could have been asserted by each of their State Settlement Classes as a whole, and are therefore typical of the claims of the State Settlement Classes which are disposed of by the Settlement.  *See Mullen*, 186 F.3d at 625.

M.     The fact that class certification is requested in the context of a class-wide settlement requires the Court to give additional scrutiny to those elements of Rule 23 designed to protect absent class members, such as the adequacy of the Plaintiffs and their counsel to serve as representatives of the State Settlement Classes.  Here, the Court finds that both the Plaintiffs and their Counsel have, and will continue to, vigorously, fairly, and adequately represent and protect the interests of the State Settlement Classes.  The record reflects that Plaintiffs have actively monitored the activities of their counsel during this litigation and settlement process, and have spent substantial time becoming acquainted with the underlying facts and participating in the litigation and settlement processes.

N.      There is also no indication that Plaintiffs have any conflicts with, or interests antagonistic to, those of the State Settlement Class Members they represent.  *See Mullen*, 186 F.3d at 625-26 ("Differences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests.").   Plaintiffs have the same interest as the State Settlement Class Members—obtaining compensation for unpaid pre- and post-shift activities.  That objective is fairly achieved by the Settlement Agreement and the Plan of Allocation, pursuant to which Plaintiffs and each other Settlement Class Member who timely returned a claim form will receive a pro-rata share of the allocated Net Settlement Fund based on their tenure and rates of pay during the appropriate class period applicable to each of the State Settlement Classes and Class Members.  The Court concludes that the Plaintiffs have fairly and adequately represented their State Settlement Classes with respect to the Settlement and the Settlement Agreement.

O.      Similarly, Plaintiffs' Counsel have provided evidence that they are experienced in class and other multi-party complex litigation, as well as with respect to the types of wage and hour claims made by the Plaintiffs and State Settlement Classes here.  They have also demonstrated that they diligently investigated and researched the State Settlement Classes' claims, expended considerable resources representing the State Settlement Classes, and negotiated a settlement on behalf of the State Settlement Classes and the FLSA Settlement Class which is fair, adequate and reasonable in all respects.

P.      The Court also finds, for the purposes of settlement only, that a class-wide resolution of the claims in this action is superior to individual actions for the fair and efficient adjudication of the controversy.  This is particularly the case where, as here, the claims of the Plaintiffs and State Settlement Class Members are being resolved through voluntary settlement,

which is favored under the law and where, absent settlement, the potential for protracted litigation over contested issues is significant and the potential for recovery by Plaintiffs and Class Members is little or nothing if Defendants' vigorous defense proved successful.  Moreover, there is evidence in the record that the claims of many State Settlement Class Members are small and therefore, would be uneconomic to pursue on an individual basis.  *See Amchem*, 521 U.S. at 617; *Mullen*, 186 F.3d at 627.  As such, this Court concludes that, for settlement purposes, the requirements of Rule 23(b)(3) have been satisfied by the State Settlement Classes.[2]

<u>Findings Supporting Fairness of the Settlement</u>

Q.      Under Federal Rule of Civil Procedure 23(e), a court should approve a proposed class action settlement if it determines that the settlement is "fair, reasonable, and adequate, as well as consistent with the public interest."  *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977).

R.      The Settlement, as provided for in the Settlement Agreement, is in all respects fair, reasonable, adequate and proper and in the best interest of the State Settlement Classes.  In reaching this conclusion, the Court has considered a number of factors, including: (i) the existence of fraud or collusion behind the settlement; (ii) the complexity, expense and likely duration of the litigation; (iii) the stage of the proceedings and the amount of discovery completed; (iv) the probability of the Plaintiffs' success on the merits; (v) the range of possible recovery; and (vi) the opinions of the Class Counsel, the Class Representatives, and absent State Settlement Class Members.  *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982).  The evidence presented to this Court establishes that the settlement was negotiated at arm's length through experienced counsel after extensive informal discovery and investigation.  Therefore, the Court finds that the Settlement Agreement is reasonable, fair, just, and adequate and satisfies Federal Rule of Civil Procedure 23, and is hereby

---

[2]  The Court notes that in the context of approving a settlement class, it need not consider the manageability of the case at trial.  *See Amchem*, 521 U.S. at 620.

approved.  The Court similarly finds, with respect to its review of the settlement of the claims of the FLSA Settlement Class under *Lynn's Foods*, that the Settlement is fair and reasonable and is also approved.

  S. The Court further finds that individual notice sent via first class mail to Settlement Class Members' last known addresses as updated through the National Change of Address Database has been provided in accordance with the notice requirements specified by the Court in the Preliminary Approval Order (Dkt. No. 66).  The Court finds such notice: (i) constituted the best notice to members of the State Settlement Classes that was practicable under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise State Settlement Class Members of the pendency of the case, their right to object and to appear at a Fairness Hearing or to exclude themselves from the Settlement, and the binding effect of the Final Judgment; (iii) was reasonable and constituted due, adequate and sufficient notice to persons entitled to be provided with notice; and (iv) fully complied with the requirements of due process and the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 23(c)(2); *Eisen v. Carlisle & Jacquilin*, 417 U.S. 156, 173-74 (1974); *In re Integra Realty Resources, Inc*., 354 F.3d 1246, 1260-61 (10th Cir. 2004).  A full opportunity has been afforded to State Settlement Class Members to be heard, and all State Settlement Class Members and any other person qualified per the terms of the Notice wishing to be heard have been heard.  No member of the State Settlement Classes has objected to the Settlement or sought to intervene in this action, and only three opted out of the settlement.

  T. A list of those members of the State Settlement Classes who timely elected to opt-out of the Settlement and who therefore are <u>not</u> bound by the Settlement, the provisions of the Settlement Agreement, this Order, or the Final Judgment to be entered by the Clerk of the Court

hereon, has been filed with the Court as Exhibit "I" to the, Declaration of [Elise Peterson, Claims Administrator].  A copy of such list is attached to the Final Judgment as Exhibit "A" and is also incorporated by reference herein.  Only members of the State Settlement Classes and FLSA Settlement Classes (as permanently certified for settlement purposes below) shall be subject to the provisions of the Settlement, the Settlement Agreement, this Order, and the Final Judgment to be entered by the Clerk of the Court.

U.      The dismissal with prejudice and entry of the Final Judgment contemplated by the Settlement and this Order will dispose of all the claims at issue in, or parties to, this action.  The Court finds, pursuant to Rule 54 of the Federal Rules of Civil Procedure, that there is no just reason for delay in entering the Final Judgment in the form submitted by the Parties (the "Judgment") dismissing the case with prejudice as to Defendants and that entry of Judgment to that effect in accordance with the terms of the Settlement Agreement, as directed below, is warranted.

<u>Findings Supporting Award of Class Counsel's Attorneys' Fees<br>and Class Representative Service Award</u>

V.      Class Counsel seek an award of attorneys' fees of up to 33% of the amount claimed by Participating FLSA Class Members and of the amount allocated to State Class Members and seek reimbursement of expenses in the amount of $737.06 and costs of the claims administration not to exceed $75,000.00 or the actual costs of the administration as negotiated by the Parties with the Claims Administrator.  *See* Class Counsel's Unopposed Motion for Award of Attorneys' Fees and Expense Reimbursement.  Class Counsel is entitled to a fee paid out of the common fund created for the benefit of the Class.  *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980).  The Supreme Court has indicated that the percentage method is proper in common fund cases*, see Blum v. Stenson*, 465 U.S. 886, 900 n. 16 (1984), and the Fifth Circuit likewise recognizes the propriety of

the percentage fee method as an acceptable method of awarding fees in class action settlements.

*Union Asset Management Holding A.G. v. Dell*, 669 F. 3d 632, 643-44 (5th Cir. 2012).

      W.      The Court has also reviewed the application for an award of fees, costs and expenses submitted by Class Counsel and the exhibits, memoranda of law and other materials submitted in support of that application.  Although Class Counsel request an award as a percentage of the Settlement Fund, in support of their application, they have also submitted Declarations setting forth and applying the twelve factors from *Johnson v. Ga. Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir.1974).   Those factors are:

> (1) The time and labor required.... (2) The novelty and difficulty of the questions.... (3) The skill requisite to perform the legal service properly.... (4) The preclusion of other employment by the attorney due to acceptance of the case.... (5) The customary fee [for similar work in the community].... (6) Whether the fee is fixed or contingent.... (7) Time limitations imposed by the client or the circumstances.... (8) The amount involved and the results obtained.... (9) The experience, reputation, and ability of the attorneys.... (10) The "undesirability" of the case.... (11) The nature and length of the professional relationship with the client .... [and] (12) Awards in similar cases.

*Id.*  The Declarations of Class Counsel reflect that, as of February 27, 2013, (the date Class Counsel's motion for attorneys' fee was filed), Class Counsel's collective lodestar was $307,512.35, which included time spent administering the notice process, communicating with members of the Settlement Class regarding the Settlement, and addressing any data issues that came up during the settlement process.  Taking into consideration the Declaration of Class Counsel, the absence of objections to their fee and expense request, and the record in this action, the Court finds that the fee and expense award requested by Class Counsel is fair and reasonable.

      X.      The Court also notes that Class Counsel's proposed fee was set forth in detail in the Notice.  The Court finds these procedures provided a sufficient opportunity for any member of the

State Settlement Classes to timely object to the fee and expense request.  There were no objections to the attorneys' fees or expenses requested.

      Y.      The Court has further reviewed the application for a Service Award to the Plaintiffs. Such awards are common in class litigation, and serve the laudable goal of compensating those individuals who took the time, and had the courage, to prosecute claims not only on behalf of themselves, but also on behalf of many others harmed by the same conduct.  *See Staton v. Boeing Co.*, 327 F.3d 938, 976-77 (9th Cir. 2003).  The Court also notes the evidence presented by the Plaintiffs in connection with such application that they have communicated extensively with Class Counsel both during the litigation and settlement phase of this case, and have been advised concerning the informal discovery exchanged during the settlement discussions.  The Court also recognizes that in the Settlement Agreement, Defendants have agreed not to oppose an incentive award for an amount up to $2,500 each for the Named Plaintiffs.  The Court finds that Service Awards in the amounts requested are fair and reasonable in this Case.

    On the basis of the foregoing findings, and the submissions and proceedings referred to above, **NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

      1.      The Settlement Agreement, including the definitions contained therein and the exhibits thereto, is approved and shall be effectuated, enforced, and carried out in accordance with the terms and provisions thereof, and the Court orders the Parties to comply with the Settlement Agreement.

      2.      The Court, having found that each of the elements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure are satisfied, for purposes of settlement only, the case is permanently certified as a class action, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), on behalf of the following persons (the "State Settlement Classes"):

All current and former customer service related employees, including agents, customer service representatives, problem resolution representatives, and employees in similar positions, who communicated with customers and potential customers of Defendants' clients while working in CMG's call center in Hickory, North Carolina between December 17, 2007 and February 8, 2012 (the "North Carolina Settlement Class").

All current and former customer service related employees, including agents, customer service representatives, problem resolution representatives, and employees in similar positions, who communicated with customers and potential customers of Defendants' clients while working in CMG's call centers in Wichita, Kansas between December 17, 2007 and February 8, 2012 (the "Kansas Settlement Class").

3.      Only the persons ultimately identified by the Claims Administrator on the list submitted to the Court (attached at Exhibit "A" to the Final Judgment, or any supplement thereto, and incorporated herein by reference) are excluded from the State Settlement Classes, and such persons shall not be entitled to any of the monetary or other benefits afforded to each Settlement Class Member under the Settlement Agreement, and none of those persons shall be bound by the Settlement Agreement or the Final Judgment.

4.      The Court confirms the appointment of State Settlement Class Representatives as follows:  Plaintiff Ashley Bell is appointed as the Representative Plaintiff on behalf of the Kansas Settlement Class; and Plaintiff Crystal Strickland is appointed as the Representative Plaintiff on behalf of the North Carolina Settlement Class.

5.      The Court confirms the following counsel's appointment as "Class Counsel" pursuant to Rule 23(g) of the Federal Rules of Civil Procedure:

**J. Derek Braziel**
Texas State Bar No. 00793380
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax

**Darren K. Coleman**
State Bar No. 04558570
**Boon, Shaver, Echols & Coleman, PLLC**
1800 W. Loop 81, Suite 310
Longview, Texas  75604
(903) 759-2200 – Telephone
(903) 759-3306 – Facsimile

**Richard J. (Rex) Burch**
State Bar No. 24001807
**Bruckner Burch, PLLC**
8 Greenway Plaza, Ste. 1500
Houston, Texas 77046
 (713) 877-8788 – Telephone
(713) 877-8065 – Facsimile

6.      The Court awards reasonable and necessary attorneys' fees to Class Counsel in

the amount of up to 33% of the amount claimed by Participating FLSA Class Members and of

the amount allocated to State Class Members, as adjusted for individuals who have timely filed

claim forms and timely opted out of the Settlement by February 15, 2013, which award is to be

paid to Class Counsel from the Settlement Fund in accordance with the Settlement Agreement.

The Court also awards reasonable and necessary costs not to exceed $75,000.00 or the actual

costs of administration as negotiated by the Parties with the Claims Administrator to be paid

from the Settlement Fund.  The Claims Administrator is ordered to distribute Class Counsel's

awarded fees and expense reimbursement pursuant to the terms of the Settlement Agreement,

and in accordance with written instructions issued by the Parties' counsel to the Claims

Administrator.

7.      The Court also awards $2,500 each to Plaintiffs Wendy Shofner, Sharon Cole,

Linda Coppedge, Lisa Carniello, Christina Daily, Ashley Bell and Crystal Strickland.  This

award is to be paid by the Claims Administrator to the Class Representatives in accordance

written instructions from the Parties' counsel and in accordance with the Settlement Agreement.

8.      As of the Effective Date of the Settlement Agreement, Plaintiffs and the

Participating Class Members shall be conclusively deemed to have released their claims in

accordance with the terms of the Settlement Agreement, which is incorporated herein by reference.

9.      Entry of this Final Approval Order approves the Settlement Agreement and settles the claims of the Participating Settlement Class Members except those who have opted out of the Settlement as identified to the Court by the Claims Administrator and/or Class Counsel.  As of the Effective Date as defined in the Settlement Agreement, Plaintiffs and Participating Settlement Class Members shall be forever barred from bringing or prosecuting any action or proceeding that is released by the terms of the Settlement Agreement.

10.     The Parties are hereby ordered to effectuate the terms of the Settlement Agreement.

11.     Without in any way affecting the finality of this Order or the Final Judgment, the Court reserves and retains exclusive and continuing jurisdiction over this action, Plaintiffs, the Participating Settlement Class Members, and the Defendants, to the fullest extent allowed by Federal law, for the purposes of supervising the enforcement, construction, and interpretation of:

        (a)      the Settlement Agreement, and

        (b)      this Final Approval Order, and

        (c)      the Final Judgment in this case.

12.     This Final Approval Order, the Settlement Agreement, and any papers related thereto:(a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any fault, wrongdoing, or liability by Defendants, or of the appropriateness of these or similar claims for class certification or administration or collective action treatment other than for purposes of administering the Parties' settlement in this action; and (b) shall be inadmissible in any

proceeding for any reason, except  for the reasons stated in Paragraph 11, which may include enforcing any claim released by this settlement.  This Court makes no finding as to liability or damages.  No Party may claim to be the prevailing party herein.

13.     Other than as stated herein and in the Settlement Agreement, all attorney's fees, expenses and costs of court are to be borne by the Party/Parties incurring same.

**So ORDERED and SIGNED this 19th day of March, 2013.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE